IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 98-cv-01072-RPM

MEDTRONIC NAVIGATION, INC., f/k/a
SURGICAL NAVIGATION TECHNOLOGIES, INC.,
MEDTRONIC SOFAMOR DANEK, INC.,
SOFAMOR DANEK HOLDINGS, INC.
ST. LOUIS UNIVERSITY, and
TRUSTEES OF DARTMOUTH UNIVERSITY,

        Plaintiffs,

v.

BRAINLAB MEDIZINISCHE COMPUTERSYSTEMS GMBH,
BRAINLAB AG, a German corporation,
BRAINLAB USA, INC., a Delaware corporation, and
BRAINLAB, INC., a Delaware corporation

        Defendants.

---

## ORDER DENYING PLAINTIFFS' MOTION FOR BIFURCATION

---

On August 3, 2005, the plaintiffs moved pursuant to Fed. R. Civ. P. 42 for bifurcation of the trial set for September 12, 2005. The plaintiffs request that a jury trial proceed first on the issues of infringement, willfulness, and the validity of the patents-in-suit, followed immediately by a trial to the court on the defendants' equitable defenses of laches, estoppel, unclean hands, and the defenses and counterclaims of patent unenforceability. The plaintiffs propose that the bench trial on the equitable issues continue while the jury is deliberating on the legal issues.

Bifurcation would not serve the goals of convenience and judicial economy in this action. The legal issues of infringement and validity will involve evidence regarding the chronological development of image guided surgery technology, prior art, and the origins of the patent-in-suit. The evidence relevant to the legal and equitable issues will overlap significantly.

As to the Bucholz patents, the defendants have alleged that Dr. Bucholz engaged in inequitable conduct in the Patent Office by failing to name Waldean Schultz as a co-inventor. The court can determine the question of inequitable conduct at the conclusion of the evidence and explain to the jury during instructions that certain issues are for the court to decide, or – if the defendants' evidence is as weak as the plaintiffs suggest – that certain issues have been eliminated from the case. *See, e.g., Hebert v. Lisle Corp.,* 99 F.3d 1109, 1114 (Fed. Cir. 1996) (explaining that "[t]here are a variety of ways in which the district court may choose to handle the issue of inequitable conduct during a jury trial . . ."). Bifurcation is not necessary to avoid prejudice to the plaintiffs.

Based on the foregoing, it is

ORDERED that the plaintiffs' motion for bifurcation of trial into jury trial on infringement, willfulness, and validity and a separate bench trial on defendants'

equitable defenses and counterclaims is denied.

Dated: August 17, 2005.

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge