IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-CV-1072-RPM-OES

MEDTRONIC NAVIGATION, INC., f/k/a SURGICAL NAVIGATION
TECHNOLOGIES, INC., a Delaware corporation,
MEDTRONIC SOFAMOR DANEK, INC., an Indiana corporation,
SOFAMOR DANEK HOLDINGS, INC., a Delaware corporation,
ST. LOUIS UNIVERSITY, a Missouri corporation, and
TRUSTEES OF DARTMOUTH COLLEGE, a New Hampshire corporation.

     Plaintiffs,
v.

BRAINLAB MEDIZINISHCHE COMPUTERSYSTEMS GMBH,
a German corporation,
BRAINLAB AG, a German corporation,
BRAINLAB USA, INC., a Delaware corporation, and
BRAINLAB, INC., a Delaware corporation

     Defendants.

## NOTICE OF PLAINTIFFS' PROPOSED FINAL JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

Plaintiffs hereby submit their Proposed Final Jury Instructions and Special Verdict Form. A set of both the proposed revised instructions and the special verdict form is being submitted to the Court in hard copy and electronic form. In addition, an electronic copy has been served upon defendants. Finally, plaintiffs also are submitting a memorandum addressing the remaining disputes between the parties concerning the jury instruction proposed by each side.

The following notes reflect the principal revisions. In addition, the table set forth below provides a summary of the revisions to plaintiffs' proposed instructions.

1. In order to simplify the process of comparing these revised instructions with the instructions previously submitted by plaintiffs, plaintiffs here use the same numbering scheme as was used in their September 2, 2005 submission of Proposed Pre-Evidence and Post-Evidence Instructions.

2. Most of the instructions have been revised to use the name "Medtronic" to refer collectively to the plaintiffs, as has been the practice throughout the trial. –

3. Plaintiffs have made a number of revisions to their proposed instructions to conform to the evidence and to reflect the Court's ruling during the trial of this case.

4. In their Final Jury Instructions submitted herewith, plaintiffs suggested the deletion of certain instruction to eliminate redundant and/or instructions already given by the Court.

For the Court's ease of reference, plaintiffs have identified below the proposed instructions containing any such revisions. Although certain instructions are designated as "Unchanged," in many instances they have been revised to use the name "Medtronic" to refer to the plaintiffs collectively.

| Instruction | Status |
|---|---|
| 1 – General Instructions | Deleted: pre-evidence instruction already given by Court |
| 2 –Burdens of Proof | Unchanged |
| 2A – Direct and Circumstantial Evidence | New Instruction |
| 3 – The Parties and the Nature of the Case | Deleted; pre-evidence instruction already given by Court |
| 4 – The Patent System, Generally | Deleted; pre-evidence instruction already given by Court |
| 5 – The Parts of a Patent | Deleted; pre-evidence instruction already |

| Instruction | Status |
|---|---|
|  | given by Court |
| 6 – The Significance of Patent Claims | Revised to reflect evidence in case |
| 7 – How a Patent is Obtained | Deleted; pre-evidence instruction already given by Court |
| 8 – Issues to be Decided | Deleted; pre-evidence instruction already given by Court |
| 9 – SNT's Contentions: Direct Infringement | Deleted; redundant and pre-evidence instruction already given by Court |
| 10 – Indirect Infringement | Deleted; redundant |
| 11 – Damages | Deleted; redundant |
| 12 – Willful Infringement | Deleted; redundant |
| 13 – BrainLab's Contentions – Invalidity | Deleted; redundant |
| 14 -- Anticipation | Deleted; redundant |
| 15 – Obviousness | Deleted; redundant |
| 16 – Conduct of the Jury and Trial | Deleted; Pre-evidence instruction already given by Court |
| 17 – The Parties and Their Contentions | Revised to reflect evidence in case |
| 18 – The Patent System | Unchanged |
| 19 – The Claims of the Patents in Suit | Unchanged |
| 20 – Construction of the Claims | Unchanged |
| 21 – Independent and Dependent Claims | Deleted; not applicable (no dependent claims asserted) |
| 22 – Means-Plus-Function Claim Limitations | Unchanged |
| 23 – "Comprising" Claims | Deleted; not applicable based on evidence |
| 24 – Limitations of the Claims at Issue | Revised to reflect correct claims at issue for patents-in-suit |
| 25  Patent Infringement Generally – Direct Infringement | Revised to reflect correct claims at issue for patents-in-suit |
| 26 – Infringement – Every Claim Limitation Must Be Present, Either Literally or Under the Doctrine of | Unchanged |

| Instruction | Status |
|---|---|
| Equivalents | |
| 27 – Limitations of the Doctrine of Equivalents | Deleted; not applicable based on record evidence |
| 28 – Infringement – Means-Plus Function Claim | Unchanged |
| 29 – Determination of Infringement | Unchanged |
| 30 – Infringement of Dependent Claims | Deleted; not applicable (no dependent claims asserted) |
| 31 – Infringement and Improvements to Patented Invention | Unchanged |
| 32 – Indirect Infringement | Unchanged |
| 33 – Inducing Patent Infringement | Revised to incorporate circumstantial evidence instruction |
| 34 – Contributory Infringement | Revised to incorporate circumstantial evidence instruction |
| 35 – Willful Infringement | Unchanged |
| 36 – Validity in General | Revised to incorporate presumption of validity |
| 37 – The Prior Art | Revised to reflect record evidence |
| 38 – Prior Art – Date of Invention | Revised to reflect record evidence |
| 39 – Prior Art – Prior Patents and Patent Applications | Revised to reflect record evidence |
| 40 – Anticipation/Lack of Novelty | Revised to reflect record evidence |
| 41 – Obviousness | Revised to incorporate motivation to combine instruction |
| 42 – The Scope and Content of the Prior Art | Revised to reflect record evidence |
| 43 – Differences Between the Invention of the Claims and the Prior Art | Revised to reflect record evidence |
| 44 – Level of Ordinary Skill | Unchanged |
| 45 – Objective Indications Concerning Obviousness | Unchanged |
| 46 – Determination of Obviousness | Revised to reflect record evidence and incorporate motivation to combine instruction |

| Instruction | Status |
|---|---|
| 47 – Failure to Name Co-Inventor | Unchanged |
| 48 – Corroboration | Unchanged |
| 49 – Inequitable Conduct | Unchanged |
| 50 – Damages | Unchanged |
| 51 – Compensatory Patent Damages in General | Unchanged |
| 52 – Notice Requirement for Patents with Product Claims | Revised to reflect record evidence. |
| 53 – Two Types of Damages – Lost Profits and Reasonable Royalty | Unchanged |
| 54 – Lost Profits, Types and Burden of Proof | Revised to reflect record evidence. |
| 55 – Lost Sales | Unchanged |
| 56 – Manufacturing and Marketing Ability | Unchanged |
| 57 – Absence of Acceptable Non-Infringing Substitutes | Unchanged |
| 58 – Lost Profits Due to Price Erosion | Revised to reflect record evidence. |
| 59 – Amount of Lost Profits | Revised to reflect the Court's ruling that this case is not controlled by the *Poly-America* case. |
| 60 – Reasonable Royalty | Unchanged |
| 61 – What is Reasonable Royalty | Unchanged |
| 62 – Total Damages | Unchanged |

DATED this 23rd day of September 2005.

          Respectfully submitted,

          s/James E. Hartley
          James E. Hartley
          Lee F. Johnston
          Conor F. Farley
          HOLLAND & HART, L.L.P.
          555 Seventeenth Street, Suite 3200
          Denver, Colorado 80202-8749
          Phone:  (303) 295-8000
          Fax:  (303) 295-8261
          jhartley@hollandhart.com
          D.C. Box 6

          Terrence P. McMahon
          Vera M. Elson
          MCDERMOTT, WILL & EMERY
          3150 Porter Drive
          Palo Alto, CA 94304-1212
          Phone:  (650) 813-5000
          Fax:  (650) 813-5100
          tmcmahon@mwe.com

          **ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2005 I served via electronic mail a copy of the foregoing on the following:

**ATTORNEYS FOR DEFENDANTS
BRAINLAB MEDIZINISHCHE COMPUTERSYSTEMS GMBH,
BRAINLAB, AG, BRAINLAB USA, INC., AND BRAINLAB INC.**

| | |
|---|---|
| Marc D. Flink, Esq.<br>Baker & Hostetler, LLP<br>303 East Seventeenth Ave.,<br>Suite 1100<br>Denver, CO 80203-1264<br>Fax: 303-861-7805<br>mflink@bakerlaw.com<br><br>Thomas H. Shunk, Esq.<br>Baker & Hostetler, LLP<br>3200 National City Center<br>1900 East Ninth Street<br>Cleveland, OH 44115<br>Fax: 216-373-1534<br>tshunk@bakerlaw.com<br>kfleming@bakerlaw.com | Jay R. Campbell, Esq.<br>John Del Col, Esq.<br>Renner, Otto, Boisselle & Sklar, PLL<br>Nineteenth Floor<br>1621 Euclid Avenue<br>Cleveland, OH 44115<br>Fax: 216-621-6165<br>jcampbell@rennerotto.com<br>jdelcol@rennerotto.com |

**ATTORNEYS FOR PLAINTIFF
ST. LOUIS UNIVERSITY:
COLLEGE**

**ATTORNEYS FOR PLAINTIFF
TRUSTEES OF DARTMOUTH**

| | |
|---|---|
| David W. Harlan, Esq.<br>Senniger Powers Leavitt & Roedel<br>One Metropolitan Square, Suite 1600<br>St. Louis, MO 63102<br>Fax: 314-231-4342<br>dharlan@senniger.com | Curtis A. Vock, Esq.<br>LATHROP & GAGE, L.C.<br>4845 Pearl East Circle #300<br>Boulder, CO 80301<br>Fax: 720-931-3001<br>cvock@lathropgage.com |

s/James E. Hartley
James E. Hartley

3454676_1.DOC