IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 98-cv-01072-RPM

MEDTRONIC NAVIGATION, INC.,
MEDTRONIC SOFAMOR DANEK , INC.,
SOFAMOR DANEK HOLDINGS, INC.,
ST. LOUIS UNIVERSITY, and
TRUSTEES OF DARTMOUTH COLLEGE,

        Plaintiffs,

v.

BRAINLAB MEDIZINISCHE COMPUTERSYSTEMS GMBH,
BRAINLAB AG,
BRAINLAB USA, INC., and
BRAINLAB, INC.,

        Defendants.

---

ORDER AWARDING FEES, COSTS AND EXPENSES TO BRAINLAB DEFENDANTS

---

Pursuant to the Order for Award of Attorney Fees and Costs to BrainLAB Defendants, entered on February 12, 2008, BrainLAB's Petition for Fees and Expenses and Detailed Description of Services Rendered, with attachments, filed March 12, 2008, the responses of McDermott, Will & Emery, LLP, (MWE) and Medtronic, filed April 11, 2008, and BrainLAB's consolidated reply, filed April 28, 2008, the Court now finds and concludes as follows:

**ATTORNEY FEES**

BrainLAB submitted fee billings from three law firms: (1) Renner, Otto, Boiselle & Sklar LLP ("Renner Otto"); (2) Baker & Hostetler LLP ("Baker"), and (3) Orrick, Herrington & Sutcliffe ("Orrick"). Lawyers from the Renner Otto and Baker firms represented BrainLAB throughout all stages of this litigation. Lawyers from the Orrick firm did not appear in the action but provided consultation and assistance in preparation of post trial motions and briefs on appeal.

BrainLAB submitted documentation showing that it paid total fees in the amount of $2,989,337.00 to these attorneys for district court proceedings during the relevant time period, as follows:

| Law Firm | Fees | Hours Billed |
| --- | --- | --- |
| Renner, Otto | $2,388,463.25 | 9,028.45 |
| Baker | $ 489,288.75 | 1,135.50 |
| Orrick | $ 111,585.00 | 171.25 |

BrainLAB submitted declarations of Jay Campell, Thomas H. Shunk, and Robert Isackson, with biographical information about the individual lawyers and law firms, and detailed billing information to support its statements about the actual fees paid.

MWE and Medtronic oppose payment for the charges of the Orrick firm because there was no appearance in this case, the rates charged are higher than rates prevailing in Colorado and the charges include services performed in the appeal. The objection that no Orrick lawyers appeared in this case is rejected. An objective assessment of BrainLAB's arguments and the evidence by new counsel after the verdict was a prudent measure taken by BrainLAB to determine its position and the expense of it is recoverable. If Medtronic had engaged other counsel in such an objective evaluation of its litigating position after this Court's claims construction order it would have avoided its liability under 35 U.S.C. § 285. BrainLAB is entitled to recover the actual cost of that engagement.

The objection to charges for services in the appeal is valid as to all attorneys. MWE has estimated that a reduction of $71,663.75 is appropriate, based on its own estimates of time that it presumes must have been spent on the appeal. BrainLAB concedes that $13,171.25 should be

deducted for appellate work. The Court accepts the representation made by BrainLAB's counsel in the reply memorandum as to the services provided and rejects the time sheets analysis suggested by MWE.

Medtronic and MWE object to including travel time billed by BrainLAB's lawyers. While that objection may be valid under other fee shifting statutes, it is a part of the actual cost to BrainLAB of continuing to defend this case after it became apparent that there was no merit to the claims of infringement.

Medtronic and MWE object to any charges for the prosecution of BrainLAB's unfair competition counterclaim and assert that $73,473.75 of the fees related to that failed claim. That argument is rejected on the ground that the assertion of the counterclaim was justified as a reasonable litigating position and was not separable from BrainLAB's other defenses.

BrainLAB seeks an upward adjustment of $1,711,619.00 in the attorney fee award, contending that the billings were made at hourly rates that are less than the prevailing rates charged by lawyers with comparable experience in patent litigation. It requests a lodestar award. That request is rejected. Under all three of the legal bases for an award of attorney's fees in this Court's order, the purpose to be served is to enable BrainLAB to recover the reasonable costs of defending itself in this litigation after a defense should no longer have been necessary. Accordingly, the measure of the fee award is the amount that BrainLAB actually paid for legal representation.

## COSTS AND EXPENSES

BrainLAB filed a motion for review of the Clerk's Taxation of Costs made on March 12, 2008, for recovery of $64,205.77. The parties have extensively briefed their dispute as to what is

recoverable under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. It is not necessary to adjudicate these disputes because BrainLAB is entitled to reimbursement of its excess costs and expenses reasonably incurred because of the conduct of Medtronic and the lawyers from MWE in proceeding to trial after the defendants' summary judgment motions. The costs and expenses to be recovered in addition to those taxed by the Clerk are as follows:

| | | |
|---|---|---:|
| 1. | Costs associated with preparation of a technology tutorial video | $ 53,345.76 |
| 2. | Deposition transcripts and videos; hearing transcripts, and daily trial transcripts | 58,783.28 |
| 3. | Document production costs | 66,475.00 |
| 4. | Costs for trial exhibits and demonstrative exhibits | 36,552.85 |
| 5. | Fees paid to experts ($40,250 to James Duncan; $13,000 to Dr. Robert Maciunas, and $84,117.00 to Andrew Finger, CPA) | 137,367.00 |
| 6. | Travel and lodging | 123,709.45 |
| 7. | Exhibit Expenses | 41,407.72 |
| 8. | Computerized research | 33,642.45 |
| 9. | Patent research fees | 4,641.00 |
| 10. | Transcripts | 27,233.17 |
| 11. | Miscellaneous expenses such as printing, scanning, copying, shipping, and court fees. | 24,548.79 |

## PREJUDGMENT INTEREST AND CURRENCY RATE CONVERSION

BrainLAB seeks prejudgment interest calculated at its actual borrowing rate in the European credit market. That requires a finding of the corporate borrowing rate in Euros,

4

conversion of the payments made in U.S. dollars to Euros based on the published exchange rate on the dates of each payment, application of the borrowing rate, compounded daily from the date of each payment to the present and then conversion of U.S. dollars based on the exchange rate on March 10, 2008. BrainLAB's calculation under that formula results in its claim of $4,844,891.78 as of March 11, 2008, and $795.49 per day from that date to the entry of judgment. The opposition to that claim is well founded. Medtronic and MWE would be entitled to challenge the premises underlying the calculation at an evidentiary hearing which would prolong this matter. Additionally, the issues in this litigation arose from the conduct of the defendants' business in the United States. The financial input in Germany may be relevant if the issue were the foreseeable consequences of tortious conduct but that is not the measure of recovery in this matter.

The award of prejudgment interest is discretionary both as to the rate and period of time. To simplify this issue, the award of interest is at the statutory rate of 8% under Colorado law, compounded annually, beginning with this Court's order granting the Rule 50(b) motion on February 24, 2006.

## SUMMARY

BrainLAB is awarded attorney fees totalling $2,976,166, costs and expenses totalling $607,706.47 and interest of $798,158.89 for a total award of $4,382,031.36.

Upon the foregoing, it is

ORDERED, that the Clerk will enter judgment for $4,382,031.36 for BrainLAB Medizinische Computersystems GMBH, BrainLAB AG, BrainLAB USA, Inc., and BrainLAB, INC., to recover from Medtronic Navagation, Inc., and McDermott, Will & Emery, LLP, jointly

and severally, the amount of $4,382,031.36 which judgment shall bear interest at the statutory rate of 1.95 per cent per annum.

DATED: September 30th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge